IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00756-BNB

ERNESTO NAVARRETE,

    Applicant,

v.

TRAVIS TRANI,
FERNANDO FREYRR, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Ernesto Navarrete, a state prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Applicant has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Denver County District Court Case No. 2009-CR-781.

    On April 17, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Response on May 23, 2014. Applicant filed a pleading on June 10, 2014, which the Court construes in part as an attempt to reply to the Pre-Answer Response.

    The Court construes liberally the Application and June 10 pleading filed by Applicant because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110.

Applicant pled guilty to second degree kidnapping-victim of a sexual offense and attempted sexual assault on a child, Pre-Answer Resp., Attach. A, ECF No. 18-1, at 7, and was sentenced on July 20, 2012, to a total of twenty-seven years of incarceration to run consecutive to other sentences either in this State or in any other state, *id.* at 6. Applicant then filed on August 1, 2012, a postconviction motion requesting a withdrawal of his plea. *See id.* at 6. On September 28, 2012, the trial court construed the request as a Colo. R. Crim. P. 35(c) postconviction motion and appointed counsel. *Id.* at 5-6. Counsel filed a supplemental motion on February 25, 2013, and the State file a response on December, 23, 2013. *Id.* at 4. Applicant was given until January 6, 2014, to reply, but he did not do so. *Id.* Respondents assert that the state district court has not ruled on the postconviction motion, Pre-Answer Resp. at 3, which Applicant does not deny.

Applicant claims that his attorney lied to him when he told Applicant that he would get the minimum sentence if he pled guilty. Applicant also claims that he was on medication for his schizophrenic condition at the time he pled guilty.

Respondents concede that the action is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), but they argue that Applicant has not exhausted his claims in state court.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Applicant fails on the Application form either to respond to questions regarding how he exhausted his state court remedies or to provide responses that would support

a finding of exhaustion. On Page Two of the form, Applicant answers "yes" to the question asking whether he filed a direct appeal and explains that he sent a letter for appeal to the "Alfred A. Arraj Court House." Application at 2. On Page Three, in response to the question requesting the date and result of the direct appeal, Applicant answers "order directing aplicant [sic] to cure deficiencies." *Id.* at 3. Applicant also states on Page Three that he sought review in the state's highest court on direct appeal, but he fails to provide the date and result of the alleged review in the highest court. *Id.* Finally, on the same page, Applicant states that he did not file a direct appeal because he does not know the address of the highest court, but only knows the address for this Court. *Id.*

In the June 10 Letter that the Court construes in part as a Reply to the Pre-Answer Response, Applicant does not deny that he has failed to exhaust his state court remedies and has a postconviction motion pending in state court in which he has raised his mental condition claim. Applicant also does not deny that the pending postconviction motion fails to include his ineffective assistance claim or that he has failed to raise this claim in any collateral proceeding in state court. The first four pages of the eighteen-page Reply reiterate Applicant's ineffective assistance and mental condition claims, and the remaining fourteen pages include a statement of the conditions of his confinement and his life history. Nothing in the Reply or the Application counters the Respondents' assertion that Applicant has failed to exhaust his claims. The Court, therefore, will dismiss this action for failure to exhaust state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice because Applicant has failed to exhaust his state court remedies.  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  21st  day of      July       , 2014.

BY THE COURT:

   s/Christine M. Arguello
CHRISTINE M. ARGUELLO,
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court